IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02177-MSK-KLM

SIRRLOVE WILLIAMS,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER; and
CHUCK VAUGHN, P.O.,

    Defendants.

---

### OPINION AND ORDER GRANTING MOTIONS TO DISMISS

---

**THIS MATTER** comes before the Court on the Motion to Dismiss Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) **(#18)**, filed by Defendant City and County of Denver ("Denver"), and the State Defendant's Motion to Dismiss (#**19**), filed by Defendant Chuck Vaughn. Plaintiff Sirrlove Williams did not respond to either motion. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

Mr. Williams, an incarcerated prisoner, filed a *pro se* Complaint in this matter[1]. In it he

---

[1] The Court is mindful that Mr. Williams is proceeding *pro se* and, therefore, the Court construes Mr. Williams' pleadings liberally and holds Mr. Williams to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and

alleges that that on August 3, 2006, Probation Officer Chuck Vaughn forced him, under threat of having his probation revoked, to report to a clinic to receive Wellbutrin. Mr. Williams alleges that after taking the Wellbutrin he suffered a variety of ill effects, including hallucinations, memory loss, and seizures. Mr. Williams alleges that Mr. Vaughn violated his civil rights by forcing him to take medication without first consulting with a medical provider. Mr. Williams also asserts a claim against Denver for failing to supervise Mr. Vaughn, although it is unclear whether this is asserted as a state law negligence claim or as a federal civil rights claim.

### III. Analysis

A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6). *See Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). However, a claim must be dismissed if a complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the complaint contains sufficient facts for a court to draw an inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *id.* at 556). Although a plaintiff is not required to include detailed factual allegations in a complaint, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In

---

theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

Both Defendants move to dismiss on the grounds that the claims are barred by the statute of limitation.[2] Although normally a defendant in a civil case may not raise this affirmative defense by means of a motion to dismiss, the issue may be resolved by a Rule 12(b)(6) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980); *see also Lavarato v. Branney*, 210 P.3d 485, 489 (Colo. App. 2009) (under Colorado law, dismissal is appropriate "where the bare allegations of the complaint reveal that the action was not brought within the required statutory period.") (citations omitted).

According to the Complaint, Mr. Vaughn's alleged wrongful conduct occurred on August 3, 2006 and continued until or was repeated on October 30, 2006. The Defendants provide legal authority to show that the statute of limitation for the claims, whether characterized as negligence or civil rights claims under 42 U.S.C. § 1983, is two years. *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (section 1983 does not specify statute of limitation so analogous state law governing personal injury should apply); C.R.S. § 13-80-102(g) (two year statute of limitation for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute"); C.R.S. § 13-80-102(a) (two year statute of limitation for negligence action). Therefore, to be timely, Mr. Williams would have had to initiate his lawsuit

---

[2]Mr. Vaughn also moves for dismissal on 11th Amendment immunity grounds, qualified immunity grounds, and on the grounds that Mr. Williams failed to exhaust administrative remedies pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a). Because the statute of limitation disposes of the claim, the alternative arguments are not addressed.

no later than two years from when his claim accrued, or October 30, 2008. The Complaint was filed September 7, 2010 and is therefore untimely. Therefore, the claims are dismissed with prejudice.

**IT IS THEREFORE ORDERED**

(1) The Motion to Dismiss Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) **(#18)**, filed by Defendant City and County of Denver, and the State Defendant's Motion to Dismiss (**#19**), filed by Defendant Chuck Vaughn are **GRANTED**;

(2) All claims asserted in Plaintiff's Prisoner Complaint (**#1**) are dismissed with prejudice because they are barred by the statute of limitation.

(3) The Clerk of the Court shall close this case.

Dated this 16th day of September, 2011

BY THE COURT:

_/s/ Marcia S. Krieger_

Marcia S. Krieger
United States District Judge